UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-461-BR

| | | |
|---|---|---|
| LUKE MASINICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| AMERICAN CRAFTSMEN, INC., ACI | ) | |
| SUPERWALLS, INC., and EDWARD RUBIO,) | | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss plaintiff's fifth claim for relief and plaintiff's motion for a more definite statement. Plaintiff did not file a response to defendants' motion, and defendants responded in opposition to plaintiff's motion.

Defendants contend that plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) as to his claim seeking declaratory judgment. This claim concerns provisions in the employment agreement between plaintiff and defendants which address non-competition, non-solicitation, confidential information, and future patents. (Compl. ¶¶ 105-108.) Plaintiff alleges:

> The parties have an actual, justiciable controversy as to the rights and obligations of each in accordance with the respective Agreements and desire that the court declare the rights and obligations as to the following issue:
> a. What, if any, obligation(s) does Plaintiff have with regard to the non-compete and/or "Protection of Employer's Business" provision(s) contained in the Employment Agreement?
> b. What, if any, obligation(s) does Plaintiff have with regard to the confidentiality and/or "Confidential Information" provision(s) contained in the Employment Agreement?
> c. What, if any, obligation(s) does Plaintiff have with regard to the patent/trademark and/or "Ideas and

Concepts" provision(s) contained in the Employment
Agreement?

d. What, if any, obligation(s) does Plaintiff have with
regard to the Non-Disclosure Agreement?

(Id. ¶ 111.)

Plaintiff asserts this claim pursuant to the North Carolina Declaratory Judgment Act, N.C.

Gen. Stat. § 1-253, which provides

> Courts of record within their respective jurisdictions shall have power
> to declare rights, status, and other legal relations, whether or not
> further relief is or could be claimed. No action or proceeding shall be
> open to objection on the ground that a declaratory judgment or decree
> is prayed for. The declaration may be either affirmative or negative
> in form and effect; and such declarations shall have the force and
> effect of a final judgment or decree.

As the North Carolina Court of Appeals has recognized,

> Although the North Carolina Declaratory Judgment Act does not
> state specifically that an actual controversy between the parties is a
> jurisdictional prerequisite to an action thereunder, our case law does
> impose such a requirement. [T]he existence of an actual controversy
> is necessary to the court's subject matter jurisdiction. For there to be
> an "actual controversy," there must be more than a mere
> disagreement between the parties and litigation must "appear
> unavoidable."

Bueltel v. Lumber Mut. Ins. Co., 134 N.C. App. 626, 628 (quotations and citations omitted)

(alteration in original), review denied, 351 N.C. 186 (1999).

Defendants argue that no controversy exists because plaintiff has not "allege[d] facts

showing any controversy beyond the mere existence of the post employment covenants." (Defs.'

Br. at 2.) The court agrees. The court also notes that plaintiff has only alleged defendants intend

to enforce the provisions at issue. (Compl. ¶ 110.) Defendants have not counterclaimed against him

for breach of those provisions nor do they seek injunctive relief to enforce those provisions. Cf.

2

Bueltel, 134 N.C. App. at 629 (finding an actual controversy existed because former employer had communicated to former employee that employee was violating his employment agreement and that legal action may be taken against him, and because employee sought judgment as to whether his past and present conduct violated the agreement; "the parties were not asking the court to interpret the document in anticipation of future acts"). The motion to dismiss is ALLOWED, and plaintiff's fifth claim is DISMISSED.

In his answer to defendants' counterclaims, plaintiff brings a motion for a more definite statement of some of defendants' affirmative defenses. Aside from not being proper on the merits for the reasons set forth in defendants' response, the motion also violates the court's local rules in that it is not accompanied by a supporting memorandum nor it is double-spaced, see Local Civil Rules 7.1(d), 10.1(a), EDNC. The motion for a more definite statement is DENIED.

This 19 February 2008.

_____
W. Earl Britt
Senior U.S. District Judge

3